327 P.2d 94

Maurice SMITH and Harry Knight, Appellants,

v.

Ed GATES, Appellee.

No. 6362.

Supreme Court of Arizona.

June 18, 1958.

Snell & Wilmer and Roger W. Perry, Phoenix, for appellants.

Gust, Rosenfeld, Divelbess & Robinette, Phoenix, for appellee.

WINDES, Justice.

■ Appellee Ed Gates (plaintiff in the trial court) sought damages against defendants Maurice Smith and Harry Knight (appellants herein) for property damage to his truck resulting from a collision between his truck and defendants' truck. One Banda was the driver of defendants' truck and one Duncan was operating plaintiff's vehicle which was an Auto-Car truck and Utility trailer. The over-all length of defendants' truck was 24 feet and that of plaintiff's equipment was 60 feet. The accident occurred on Highway 80 between intersecting roads at or near where a side road leading to defendants' place of business turned off the highway to the left. After trial before the court without a jury judgment was rendered for the plaintiff. Defendants appeal and present for decision the one question as to whether there is sufficient evidence to support the judgment.

Duncan, plaintiff's driver, testified in substance that he was traveling in the rear of defendants' truck; that when he got within three or four hundred feet, he estimated it was proceeding from 20 to 25 miles per hour; that he was traveling at 40 to 45 miles per hour when about 100 to 150 feet behind he pulled to the left and started to pass; that when his vehicle was alongside and the front of his vehicle was about opposite the back of the cab on defendants' truck, he noticed that the driver thereof was going to turn in his pathway; that he hit his brakes, blew his horn and tried to swerve off the road; that his vehicle did not leave the paved portion of the highway until he swerved; that his brakes took

hold, throwing his wife to the floorboard and after that his right front wheel caught the left front wheel of defendants' truck and turned plaintiff's vehicle over. He further testified he did not know where the vehicles were when the impact occurred but said he turned over immediately after the impact and other evidence indicated he turned over a short distance past the side road. He also testified that the driver of defendants' truck gave no signal of his intention to make the left turn. Duncan's wife, a passenger with him, testified substantially as he did. There was evidence that the defendants' driver observed in his rear view mirror the plaintiff's vehicle coming from his rear. The conditions of the trucks indicated that plaintiff's truck struck defendants' on the left cab door at about a 45 degree angle. There was likewise evidence that after defendants' truck came to rest, the arm of the mechanical signalling device was in the turning position.

The charge of negligence in the complaint was that the defendants' driver without warning made a left turn across the center of the highway while plaintiff's driver was attempting to pass. The court found this alleged fact to be true and found that he made the turn between intersections without ascertaining that the movement could be made with safety.

The statute in force at the time of this accident required that one intending to make a left turn shall give the appropriate signal continuously for not less than 100 feet before turning and shall not move right or left from a direct course unless and until such movement can be made with reasonable safety. Section 66–164c, 1952 Supp., A.C.A.1939 (now section 28–754, A.R.S.). Clearly, if the testimony heretofore related may be believed, there is ample evidence to show a violation of the statute and thus support the judgment.

◼ Defendants bottom their right to a reversal entirely upon the proposition that the testimony is clearly in conflict with the physical facts and basic scientific propositions to the extent that the testimony can have no probative weight and that there is, therefore, no evidence of negligence. It is claimed the accident could not possibly have happened according to Duncan's story. Defendants present mathematical calculations as to relative locations and speeds of vehicles, reaction time of drivers, the position of the signalling device after the accident and the indications of the point of contact to dissipate Duncan's testimony to the extent that no negligence of defendants' driver is presented. Perhaps Duncan's description of what occurred during the emergency is inaccurate, but it is certain that defendants' driver made a left turn into the path-

way of plaintiff's vehicle. The court was justified in believing that this movement was made when the driver knew plaintiff's vehicle was approaching from his rear. Defendants' driver said he gave the turning signal for 100 yards before he attempted to turn. Duncan said no signal was given. Mrs. Duncan said she was watching and saw no signal. Defendants say this evidence is disproved by the physical fact that after the accident the arm of the signal device was in turning position. We cannot accept the validity of this argument. Merely because it was found in this position does not absolutely prove the signal was given continuously for not less than 100 feet prior to attempting the turn. We know not when the lever was thrown. The court could determine that the collision occurred substantially at the turn-off of a side road, the existence of which plaintiff's driver had no knowledge. The court could believe that defendants' driver made the turn without adequate warning with knowledge that the plaintiff's vehicle might be affected by the movement and without properly seeing that such turn could be made with safety. We conclude that the court's judgment has support in the evidence.

The judgment is affirmed.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.